168 So. 576

**SOVEREIGN CAMP W. O. W. v. ROLAND.**

6 Div. 925.

Supreme Court of Alabama.

April 16, 1936.

Rehearing Denied June 11, 1936.

Wm. B. McCollough, of Birmingham, and Rainey T. Wells, of Omaha, Neb., for appellant.

Harsh, Harsh & Hare, of Birmingham, for appellee.

542

**BROWN, Justice.**

Action on the case by appellee against appellant to recover damages for personal injury alleged to have been inflicted on the plaintiff by the "initiating team" of "Palmetta Camp No. 52," Woodmen of the World, located at Pratt City, Ala. Southern Railway Co. v. Hanby, 166 Ala. 641, 52 So. 334; Lehigh Portland Cement Co. v. Higginbotham et al., ante, p. 235, 167 So. 259.

The case went to the jury on counts A and B of the complaint as amended, and the plea 'of the general· issue.

The evidence offered by the plaintiff goes to show that the plaintiff was solicited to join the defendant order and take insurance therein by one D. B. Mars, an agent of the defendant who had authority to solicit and take such applications; that said "Palmetta Camp No. 52" was organized and existed under a charter issued by the defendant; that it was necessary for the plaintiff to be initiated into the order to maintain his status as an insured member; that defendant issued the certificate of insurance and received the premiums and assessments made against such insured members, through the local camp; that said defendant, "Sovereign Camp of the Woodmen of the World," was the supreme legislative body of said order and prescribed the ritualistic work for the local camps and furnished rituals for use in the work of initiating candidates for membership into the order.

The evidence further goes to show that candidates are prepared for initiation into the order by being blindfolded and are then conducted through the initiation from post to post by some member of the "work team," and during the initiation the obligations are administered and the secret work of the order disclosed to the candidate; that plaintiff was so blindfolded and in the course of the initiation he received a blow, inflicted by one of said team or through their negligence, on the end of his spine, causing an abscess which necessitated a surgical operation, and from which he suffered, and was caused to lose time from his work.

The evidence offered by the defendant tended to show that the plaintiff was not assaulted or otherwise injured during the initiation.

There was a verdict and judgment for the plaintiff from which the defendant has appealed.

■ Appellant's first contention is, that said local camp, in conducting the initiation, was not its agent or servant, and it is not responsible for the ·willful or wanton conduct of the initiating agency, or for its negligence, and especially so if the local camp deviated from the prescribed ritualistic work; that for an injury so inflicted the persons guilty are solely responsible. Otherwise stated, in such circumstances the doctrine respondeat superior is without application.

These questions had full consideration in Supreme Lodge Loyal Order of Moose v. Kenny, 198 Ala. 332, 73 So. 519, L.R.A.1917C, 469, where the authorities were fully reviewed and the questions now argued were determined against the contention now made. See, also, Most Worshipful Grand Lodge of Ancient Free & Accepted Masons of Alabama v. Callier, 224 Ala. 364, 140 So. 557.

The stated contention is the basis for the appellant's insistence that it was entitled to the affirmative charge. This charge was refused without error.

Allowing all reasonable presumption of the correctness of the verdict, it cannot be affirmed that the preponderance of the evidence against the verdict is so decided that it is wrong and unjust. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738.

■ We find nothing in the several rulings of the court in respect to argument by plaintiff's counsel of which appellant has the right to complain. The argument related to matters in evidence and the law applicable thereto. Cross v. State, 68 Ala. 476; Helms v. Central of Georgia Railway Co., 188 Ala. 393, 66 So. 470; Louisville & N. R. Co. et al. v. Cross, 205 Ala. 626, 627, 630, 88 So. 908.

■ So far as appears, the defendant did not except to that part of the court's oral charge quoted in assignment of error 22. However, inasmuch as the court was there dealing with· punitive damages, the imposition of which, in cases not under the homicide act, rests in the sound discretion of the jury, we find no fault with this part of the court's charge. Birming-

ham Electric Co. v. Shephard, 215 Ala. 316, 110 So. 604; Seaboard Mfg. Co. v. Woodson, 98 Ala. 378, 11 So. 733.

We have examined the several assignments of error predicated on rulings in the admission and exclusion of evidence, and we find no error therein.

The record and proceeding of the circuit court appear to be free from error.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.