**Leon WEST, Individually and as personal representative of the Estate of Gwendolyn West, Deceased, Plaintiff-Appellee,**

v.

**CATERPILLAR TRACTOR COMPANY, INC., Defendant-Appellant.**

**No. 73–3217.**

United States Court of Appeals, Fifth Circuit.

Feb. 25, 1977.

---

James S. Usich, Coral Gables, Fla., for defendant-appellant.

Philip Freidin, Robert Orseck, Miami, Fla., for plaintiff-appellee.

Before TUTTLE, WISDOM and GEE, Circuit Judges.

GEE, Circuit Judge:

A little over six years ago, Gwendolyn West was run over and killed on the Miami streets by a backing road grader manufactured by defendant. Trial of this diversity action filed by her representatives resulted in special verdicts of negligence, breach of implied warranty, and strict liability against defendant, of 35% comparative negligence contributing to her death on Mrs. West's part, and of $125,000.00 damages. The trial court entered judgment on the strict liability finding for this full amount, less a set-off of $35,000.00 previously paid in partial satisfaction of the damages, without reduction for Mrs. West's comparative fault since it concluded that comparative negligence was not a defense to strict tort liability under Florida law.

On appeal, we certified to the Supreme Court of Florida the questions whether either Section 402A–type [1] strict liability or breach of implied manufacturer's warranty applied to bystanders' actions in Florida and whether, if so, simple negligence constituted a defense to either or

---

1. Restatement (Second) of Torts § 402A (1965).

both. *Leon West v. Caterpillar Tractor Co., Inc.,* 504 F.2d 967 (5 Cir. 1974). In a most helpful and definitive opinion, that Court replied that strict liability, but not implied warranty, lies in bystanders actions, and that want of ordinary due care—in its comparative negligence form—is a defense to both.[2] *Leon West v. Caterpillar Tractor Co., Inc.,* 336 So.2d 80 (Fla.Sup.1976). Thus Florida law arrives at the sensible posture that similar actions are subject to the same defense and avoids the anomaly of those jurisdictions in which the specifically negligent (and therefore more plainly culpable) tortfeasor yet may assert the victim's fault while his strictly-liable or implied warranty-breaching companions may not. The Court's opinion contains other reasoning and subsidiary indications which will be of interest to Florida practitioners, to whose attention we commend it; but those stated above are dispositive of our case, to which we now turn.

■ Appellant Caterpillar presents six points of error. The first, asserting that Florida did not recognize strict liability in tort, is disposed of by the opinion of the Florida Supreme Court. Our trial court correctly chose to follow the Florida authorities recognizing it.[3]

■ The second point asserts error in the trial court's refusal to charge on contributory negligence or assumption of risk. Again, Judge Fay was clearly correct on both heads. As to the first, *Hoffman v. Jones,* 280 So.2d 431 (Fla.Sup.1973), rejecting the contributory negligence rule of absolute bar in favor of comparative negligence, does so "[a]s to all cases in which the comparative negligence rule has been applied, . . ." *Id.,* at 440. This is such a case and, as regards substantive law, results in diversity cases should be uniform between state systems and ours. As to as-

sumption of risk, the evidence does not raise the Florida sort, which consists in voluntary and deliberate exposure to a known danger, with appreciation of the possibility of injury as a result. *See Cleveland v. City of Miami,* 263 So.2d 573 (Fla.1972). Indeed, in the circumstances presented, to encounter such a machine deliberately would have amounted to suicide, an action by Mrs. West for which no one contends.

■ The remaining points of error complain of supposed minor defects in the court's jury instructions and of its refusal to grant new trial or mistrial. The charge as a whole fairly presented the case, and the other rulings of the court were correct. We conclude, however, that the court did err in failing to reduce the amount of the damages found by the percentage of comparative negligence determined by the jury and that, though not the subject of a specific point of error, the effect on the judgment of the jury's finding of negligence by Mrs. West is fairly raised by the briefs. The damages of $125,000.00 must therefore be reduced by 35%, to $81,250.00. Against this amount application of the $35,000.00 set-off for prior partial satisfaction must be allowed. A judgment for damages of $46,250.00 results. The judgment below is so reformed, and as reformed it is

AFFIRMED.

---

**2.** Except for the sort consisting of failure to discover a defect in the article or guard against the possibility of its existence.

**3.** *Compare McCleod v. W. S. Merrell Co.,* 174 So.2d 736 (Fla.Sup.1965) *with Royal v. Black*

*and Decker Manuf. Co.,* 205 So.2d 307 (Fla. App.1967) *and Keller v. Eagle Army-Navy Dept. Stores, Inc.,* 291 So.2d 58 (Fla.App.1974).