Norwilton MURRAY, Plaintiff,

v.

BELOIT POWER SYSTEMS, INC., Defendant.

Civ. No. 76/539.

United States District Court,
D. Virgin Islands,
St. Croix Division.

May 25, 1978.

Thomas Alkon, Isherwood, Colianni, Alkon & Barnard, Christiansted, St. Croix, V. I., for plaintiff.

David V. O'Brien, Merwin, Alexander & O'Brien, Christiansted, St. Croix, V. I., for defendant.

## MEMORANDUM OPINION

WARREN H. YOUNG, District Judge.

### ACTION FOR DAMAGES

Norwilton Murray seeks to recover damages for injuries which he sustained while installing a control panel manufactured by Beloit Power Systems, Inc. Plaintiff's damage claim is grounded upon alternative legal theories, negligence and strict products liability. At the conclusion of plaintiff's case in chief, discussions were held in court chambers as to proposed jury instructions. Among the questions presented was what type of conduct attributable to plaintiff would constitute a defense to his claims, and whether any available defense would be an absolute or partial bar to plaintiff's recovery.

■ Plaintiff asserts that defendant negligently manufactured the subject control panel and that such negligence caused his injuries. Defendant answers with the contention that plaintiff was himself negligent in his manner of installation and that he unreasonably exposed himself to a known and appreciated risk. The Virgin Islands legislature has provided that the contributory negligence of a plaintiff shall not bar his recovery but shall work to diminish his recovery in proportion to the amount of negligence attributable to him by the trier of fact.[1] This Court has previously held that said statute embraces not only standard contributory negligence, but also conduct on the part of a plaintiff which amounts to an unreasonable exposure to a known and appreciated risk of injury. *See, Mohammed v. Hess Oil Virgin Islands Corp.*, D.V.I., Div. St. Croix, Civ.No. 74/343 at f. n. 3, (filed May 17, 1976), 1976 St. Croix Supp. 342, 344. I adhere to the view that under the Virgin Islands comparative negligence statute the affirmative defenses of contributory negligence and assumption of the risk should be considered together as a single defense, that is, the degree which the plaintiff's own culpable conduct contributed to his accident and injuries. As to plaintiff's negligence count, therefore, the jury will be instructed that they must diminish any damage award by the proportion of contributory negligence or assumed risk attributable to plaintiff.

■ Plaintiff also contends that the control panel manufactured and sold by defendant was in a defective condition unreasonably dangerous to any user thereof and that said defect caused the injuries suffered by him. *See,* Restatement of Torts, 2d § 402A (1965).[2] Plaintiff asserts that any contributory negligence on his part can not be raised as a defense to his recovery, *see* Restatement of Torts, 2d § 402A comment n (1965), and that the defense of assumption of the risk should be subjected to the comparative fault principles set forth in 5 V.I.C. § 1451(a) and enunciated in *Mo-*

---

1. 5 V.I.C. § 1451(a) provides in pertinent part:

    In any action based upon negligence to recover for injury to person or property, the contributory negligence of the plaintiff shall not bar a recovery, but the damages shall be diminished by the trier of fact in proportion to the amount of negligence attributable to the plaintiff. . . . If such claimant is found by the trier of fact to be more at fault than the defendant, . . . the claimant may not recover.

2. The issue of whether plaintiff, as an installer of the control panel, was within the class of people protected by § 402A was answered affirmatively by the Court. *See,* e. g., *Borel v. Fibreboard Paper Products Corp.*, 493 F.2d 1076 (5th Cir. 1973).

hammed v. Hess Oil Virgin Islands Corp., supra. Defendant, on the other hand, advances the position adopted by the American Law Institute in the Restatement. It urges that while contributory negligence of the plaintiff is not a defense to strict tort liability, assumption of the risk constitutes a complete bar to any recovery by plaintiff. See, Restatement of Torts, 2d §§ 402A comment n, 523 and 524(2). The Court is of the opinion that neither of the positions advanced by the parties should govern the law of strict products liability in the Virgin Islands, but that both plaintiff's want of ordinary due care in his use of the product and plaintiff's unreasonable exposure to a known and appreciable risk of injury should work to diminish plaintiff's recovery in a § 402A type action in proportion to the amount of causative culpable conduct attributable to plaintiff.[3] The mere failure of plaintiff to discover or guard against the existence of a defect where plaintiff had no reason to suspect the same would not constitute a defense in a § 402A type action.

In so holding, I am adopting the position and policy considerations advanced by the Wisconsin Supreme Court in *Powers v. Hunt-Wessen Foods, Inc.*, 64 Wis.2d 532, 219 N.W.2d 393 (1974) and *Dippel v. Sciano*, 37 Wis.2d 443, 155 N.W.2d 55 (1967). As in Wisconsin, the local legislature has enacted a comparative negligence statute which has been judicially extended to embrace conduct ordinarily labeled assumed risk. *Compare, Mohammed v. Hess Oil Virgin Islands Corp., supra*, with *Dippel v. Sciano, supra*, and *McConville v. State Farm Mut. Automobile Ins. Co.*, 15 Wis.2d 374, 113 N.W.2d 14 (1962). Although the Supreme Court of Florida has not gone so far as to merge assumption of the risk into its comparative negligence scheme, the court's discussion of the policy justifications for applying comparative negligence to strict products liability cases is persuasive. *See, West v. Caterpillar Tractor Company, Inc.*, 336 So.2d 80 (1976); *West v. Caterpillar Tractor Company, Inc.*, 547 F.2d 885 (5th Cir. 1977).

I realize that today's decision appears to run counter to the position adopted by the American Law Institute, particularly as to the ramifications of a finding by the trier of fact that an injured plaintiff unreasonably exposed himself to an appreciable and known risk. I do not feel, however, that 1 V.I.C. § 4 transformed the A.L.I. approved restatements into a civil code. As stated by the Third Circuit Court of Appeals in *Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171 (1977), the restatements constitute the rules of decision in the Virgin Islands only to the extent that they accurately express prevailing rules of common law. More importantly, the prevailing rules of common law constitute no more than rules of decision, and though binding as such on foreign jurisdictions seeking to apply Virgin Islands law, are binding on local courts only in the absence of local case law or statutory law to the contrary. As implicitly acknowledged by the Third Circuit in *Co-Build Companies, Inc. v. Virgin Islands Refinery Corp.*, 570 F.2d 492 (filed February 13, 1978) this Court has the power to deviate from prevailing rules of common law to create "local laws to the contrary" within the meaning of 1 V.I.C. § 4.

I am of the opinion that such a deviation is warranted herein for several reasons. First, the local legislature, by enacting 5 V.I.C. § 1451, provided a framework for ascertaining a plaintiff's ultimate recovery in tort which does not comport with the overall scheme advanced by the restatement. Second, there is an absence of a genuine, overwhelming consensus among the various American jurisdictions as to the application of the defense of contributory negligence in the realm of strict products liability. Finally, it is the opinion of this Court that the imputation of comparative negligence principles, as defined herein, in strict products liability cases will provide the most equitable means of ascertaining ultimate tort liability.

---

3. Subject, of course, to the absolute recovery bar, where plaintiff is found to have been more at fault than defendant, set forth in 5 V.I.C. § 1451(a).