**LOUIS SHACKELFORD, Plaintiff**

**v.**

**PUERTO RICO INTERNATIONAL AIRLINES, INC., Defendant**

Civil No. 77-273

District Court of the Virgin Islands

Div. of St. Thomas and St. John

June 25, 1979

SAMUEL H. HALL, ESQ., St. Thomas, V.I., *for plaintiff*

ERIC R. MOORE, ESQ. (O'BRIEN & MOORE), Christiansted, St. Croix, V.I., *for defendant*

CHRISTIAN, *Chief Judge*

### MEMORANDUM AND ORDER

This is an action for damages which is presently before the Court on defendant's motion for partial summary judgment. Fed. R. Civ. P. 56. For the reasons spelled out below, the relief sought will be granted.

Plaintiff instituted this action claiming that he suffered injury to his back while travelling on defendant's aircraft. Allegedly, while attempting to land at the Isla Verde Airport in San Juan, Puerto Rico, the aircraft bounced after touching down, causing plaintiff's injuries. The complaint consists of two counts. Count I alleges that defendant's pilot landed the aircraft in a negligent manner while Count II alleges that the pilot's actions were grossly negligent, reckless, willful and wanton. On the basis of Count II, plaintiff seeks punitive damages against defendant. It is with respect to Count II of the complaint that defendant moves for partial summary judgment.

## I

Defendant advances two separate grounds as supportive of its motion. Firstly, that there is no evidence of reckless, willful and wanton conduct to sustain an award of punitive damages. Secondly, that none of the elements, as required by Restatement, Second, Torts § 909 or Restatement, Second, Agency § 217C, to make out a case for punitive damages vicariously against a principal for acts of his agents, are present in this action.

Plaintiff has responded to defendant's motion merely by submitting his attorney's memorandum in opposition to the motion. That memorandum, unsupported by affidavits, simply requested that the Court delay ruling on the motion until after plaintiff had pursued further discovery;[1] and further asserted that the pilot was a managerial employee whose acts could bind his employer for purposes of punitive damages as provided for by Restatement, Second, Torts

---

[1] Where a party opposing a summary judgment motion cannot then fully respond to the motion, Rule 56(f) requires such a party to state by affidavit the reasons why he cannot presently respond to the motion. Plaintiff has submitted no such affidavit. The bare allegations in an attorney's memorandum, as in the present case, are not sufficient to resist a properly supported motion for summary judgment. In any event, the Court has delayed ruling on this motion in excess of one month since the discovery sought was had and no further response has been made by plaintiff.

§ 909(c). Countering, defendant has filed a reply which questions the sufficiency of plaintiff's response and asserts that in view of plaintiff's failure to demonstrate reckless, willful and wanton conduct on its part, partial summary judgment in its favor should be granted.

## II

■ With that background we first review the adequacy of plaintiff's response to defendant's motion. We note that as support for its motion defendant has presented answers to interrogatories and the deposition of plaintiff. See Fed. R. Civ. P. 56(c). Subsection (c) of Rule 56, Fed. R. Civ. P., provides in relevant part that:

When a motion for summary judgment is made and supported as provided in this rule, *an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule,* must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him. (Emphasis added.)

The only matters, other than the pleadings, which are permitted by Rule 56 are depositions, answers to interrogatories, admissions and affidavits. See Fed. R. Civ. P. 56(c). Thus, plaintiff, not having submitted any of those evidentiary matters in support of its opposition to the motion, is vulnerable to partial summary judgment, if such is otherwise appropriate. See Tunnell v. Wiley, 514 F.2d 971 (3d Cir. 1975); Tilden Financial Corp. v. Palo Tire Service, Inc., 596 F.2d 604 (3d Cir. 1979). It is therefore only necessary to determine if defendant has carried its burden of proof and is entitled to summary judgment as a matter of law. See Tunnell v. Wiley, supra.

Defendant, by plaintiff's deposition and his answers to interrogatories, has established that plaintiff's contention is, in effect, that defendant is liable for his injuries because the pilot approached the airport at an improper

345

angle thereby causing the aircraft not to have a smooth landing.

■ Generally, courts prefer to delay ruling on whether the actions complained of are of such a reckless and wanton character as to justify submitting the issue of punitive damages to the jury until after all of plaintiff's case has been heard. However, even those states which sanction vicarious liability of an employer in punitive damages for reckless acts of all their employees nevertheless require "that the conduct of the agent who inflicts the injury complained of [to] be rather clearly outrageous to justify imposition of exemplary damages upon the principal." Skeels v. Universal C.I.T. Credit Corp., 335 F.2d 846, 852 (3d Cir. 1964); Chuy v. The Philadelphia Eagles Football Club, 595 F.2d 1265 (3d Cir. 1979). On the evidentiary record before the Court, and plaintiff's failure to come forward with a showing of some outrageous conduct or even reckless disregard for plaintiff's safety by the pilot, the Court concludes that punitive damages are not proper in this case. See, e.g., Leslie v. Jones Chemical Co., Inc., 551 P.2d 234, 240 (Nev. 1976).

## III

In reaching the above conclusion the Court is not unmindful that plaintiff was fighting an uphill battle in seeking punitive damages of this corporate employer for the acts of its agents, not named as parties to this action. In order to obtain such a recovery the requirements of the Restatement, Second, Torts § 909 (which is similar to Restatement, Second, Agency § 217C) must be satisfied. See 1 V.I.C. § 4; see also Mathurin v. Government of the Virgin Islands, 12 V.I. 24, 36 (D.V.I. 1975). Restatement, Second, Torts § 909 provides:

Punitive damages can properly be awarded against a master or other principal because of an act by an agent if, but only if,

346

(a) the principal or a managerial agent authorized the doing and the manner of the act, or

(b) the agent was unfit and the principal or a managerial agent was reckless in employing or retaining him, or

(c) the agent was employed in a managerial capacity and was acting in the scope of employment, or

(d) the principal or a managerial agent of the principal ratified or approved the act.

Plaintiff does not contend that defendant authorized or ratified the alleged improper landing of the aircraft in question. Nor does he allege that the pilot was unfit and defendant acted recklessly in employing or retaining him. Plaintiff by way of his memorandum of law does contend that the pilot was a managerial employee within the meaning of § 909(c), Restatement, Second, Torts.

██ In a similar case, Tyler v. American Airlines, Civ. No. 76-369, this Court was confronted with the same issue here presented, i.e. whether the pilot of an aircraft is a managerial employee of his corporate employer for purposes of subjecting the employer to punitive damages for the wrongful acts of the pilot, under Restatement, Second, Torts § 909(c). The question was answered in the negative in a ruling from the bench. In ruling as it did, the Court was of the opinion that the "complicity rule" as expressed by some courts was more akin to the rationale and objectives of the Restatement, Second, Torts § 909 and Restatement, Second, Agency § 217C. See Mattyasovszky v. West Towns Bus Company, 330 N.E.2d 509 (Ill. 1975); Tolle v. Interstate Systems Truck Lines, Inc., 356 N.E.2d 625 (Ill. App. 1975). In order to impose the sanction of punitive damages upon a corporate principal for the wrongful acts of its agents under the "complicity rule", there must be a showing of some deliberate corporate participation in the wrongful act.[2] See Tolle v. Interstate Systems Truck Lines,

---

[2] As stated in Tolle, supra "[t]he complicity analysis will allow punitive damages where the institutional conscience of the corporate master should be

Inc., supra at 626; Oakview New Lenox School v. Ford Motor Company, 378 N.E.2d 544 (Ill. App. 1978). A pilot, employed by a corporate master to fly an aircraft from one destination to another, while exercising total control over the aircraft under his command, but who has no decision-making authority within the corporate structure, is like any other ordinary employee performing routine ministerial tasks. His actions could not be said to express corporate policy; and thus his wrongful actions would not amount to deliberate corporate participation therein. For these reasons, the pilot of the instant aircraft is not a managerial employee of defendant airline within the meaning of § 909(c) of the Restatement, Second, Torts. Accordingly, the motion for partial summary judgment will be granted.

### ORDER

The premises considered and the Court being fully advised

IT IS ORDERED that defendant's motion for partial summary judgment be, and the same is hereby, GRANTED.

---

aroused while protecting the corporate master from liability for punitive damages when a properly supervised employee acts with requisite circumstances of aggravation." Id. at 627.