JOYCE E. GLASON, Plaintiff

v.

**PUERTO RICO INTERNATIONAL AIRLINES, INC.,**
Defendant

Civil No. 849/1979

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

November 19, 1980

ROBERT E. KING, ESQ., St. Thomas, V.I., *for plaintiff*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION

The court here decides what damages are properly awarded to an airline passenger whose luggage is never delivered to the destination named in her ticket, and who suffers abusive conduct by airline employees when she tries to recover her baggage and its contents. Joyce Glason, plaintiff, claims damages for emotional distress based on the loss of her luggage and discourteous treatment by the defendant Puerto Rico International Airlines (Prinair). She also claims compensation for purchasing replacement clothing, although she eventually recovered her lost luggage. Finally, Ms. Glason seeks punitive damages. The court finds Ms. Glason is only entitled to compensatory damages for emotional distress caused by Prinair's abusive conduct and for replacement of her temporarily lost luggage.

Prinair's gross negligence caused the temporary loss of Ms. Glason's luggage, disrupting her long-planned trip to attend a National Bar Association convention in Los Angeles and visits to New York and Philadelphia.[1] Ms. Glason began preparing for her trip three months in advance of her July 29, 1979 departure date. Because of her height and the length of her arms, she had to purchase special clothes. This took a substantial amount of her leisure time, as did the extra hours she worked so she could take her planned three weeks annual leave. Ms. Glason willingly made these extra efforts, though, because the trip was her first chance to see friends and colleagues from the mainland since coming to the Virgin Islands in June of 1977.

This preparation was wasted when Prinair failed to put Ms. Glason's luggage on her initial flight from St. Thomas to San Juan,

---

[1] Written findings of fact and conclusions of law were entered on April 24, 1980, which are summarized here. These findings are based on an April 16, 1980 evidentiary hearing on damages. The hearing was held after a default was entered against Prinair because it failed to respond to the complaint. 5 V.I.C. App. IV, R. 47 (1966).

Puerto Rico, for clearance through Customs and transfer to her connecting flight to Los Angeles. In fact, Prinair was unable to locate the luggage for the duration of her curtailed one-week trip. Moreover, Prinair employees added insult to this injury by responding abusively to Ms. Glason's numerous inquiries about her lost luggage.

Ms. Glason arrived in Los Angeles for the National Bar Association conference only with the clothes she was wearing—slacks, a blouse, and a pair of sandals. Because of her inappropriate clothing, she missed the first two days of the conference as she waited for Prinair to forward her missing luggage. She then purchased replacement clothing and other items so that she could attend the remaining conference events, which included seminars, luncheons, and evening affairs.

Ms. Glason's luggage finally was recovered, but only after she cut short her planned vacation on August 15, 1979 and returned to St. Thomas. Several days later, after making numerous inquiries at Prinair's St. Thomas airport office, the luggage was found in Prinair's lost luggage room where it apparently had been since her departure on July 29, 1979.

*Damages for Emotional Distress*
*Based on Prinair's Gross Negligence*

A person's emotional tranquility is protected from outrageous intentional acts and from outrageous negligent conduct that results in bodily injury. Restatement (Second) of Torts, §§ 46 and 313 (1965).[2] However there is "no authority which sanctions a recovery against a carrier for mental distress and physical inconvenience where the gravamen of the wrongdoing is either the loss or mishandling of luggage." Cohen v. Varig Airlines, 405 N.Y.S.2d 44, 50 (App. Div. 1978). While Prinair's mishandling of Ms. Glason's luggage was gross negligence, it was not wilful and Ms. Glason claims no bodily injury. Consequently, her emotional distress is not compensable. Cohen, supra, and Restatement (Second) of Torts, §§ 46, 313 (1965), and § 915, comment c and d (1979).

---

[2] The rules of the common law, as expressed in the Restatements of Law approved by the American Law Institute, shall be the rules of decision in the courts of the Virgin Islands absent local laws to the contrary. 1 V.I.C. § 4 (1967). See Varlack v. S.W.C. Caribbean, Inc., 13 V.I. 666, 550 F.2d 171 (3d Cir. 1977); but see Murray v. Beloit Power Systems, Inc., 450 F.Supp. 1145 (D.V.I. 1978); aff'd sub nom. Murray v. Fairbanks Morse, 16 V.I. 647, 610 F.2d 149 (3d Cir. 1979).

■ Even the wilful withholding of luggage does not necessarily permit passengers to recover damages for emotional distress. In Cohen, the court declined to award such damages despite an airline's refusal to remove a couple's luggage from a plane at an intermediate stop. The plane continued to its final destination and left the couple without clothes for the remaining 18 days of their trip. While this court is appalled by Prinair's conduct, there is no basis, either in Cohen or the Restatements, for awarding damages for emotional distress as a result of Prinair's negligent acts.

*Damages for Emotional Distress Based
on Prinair's Abusive Conduct*

■■ Although Ms. Glason may not recover for emotional distress because of Prinair's negligent handling of her luggage, she may recover damages for emotional distress suffered as a result of the gross insults by Prinair's agents. Restatement (Second) of Torts § 48 (1964) and Cohen, supra, at 50. See also Restatement of Contracts § 341 comment a (1932), Restatement (Second) of Contracts § 367 comment a (Tent. Draft No. 14, 1979). This is because

> [a] common carrier or other public utility is subject to liability to patrons utilizing its facilities for *gross insults which reasonably offend them*, inflicted by the utility's servants while otherwise acting within the scope of their employment.

Restatement (Second) of Torts § 48 (1964) (emphasis added.) This rule promotes the "selection of employees who will not be grossly discourteous [to customers], and for the making of proper rules and supervision to enforce them." Id., comment a. By prohibiting "gross insults," carriers become liable "for conduct which falls short of extreme outrage, but is merely insulting." Id. comment c. Minor insolence, however, is not sufficiently bad conduct on which to award damages. Id.

■ This special duty was breached by Prinair when its employees on July 29, 1979, made a spectacle of Ms. Glason at the San Juan airport. In response to Ms. Glason's earnest attempts to locate her luggage, Prinair employees shouted at her, using abusive language in front of a crowd. Quite understandably, Ms. Glason believed the loudness of Prinair's tirade singled her out and drew the crowd's attention. She, therefore, felt degraded and humiliated. Apart from the language used, the act of abusively shouting at a passenger in front of a crowd of people goes beyond permitted

minor insolence. Brown v. Fifth Avenue Coach Lines, Inc., 185 N.Y.S.2d 923 (Mun. Ct. N.Y. 1959). This is gross discourtesy that a carrier must prevent through rules and proper supervision. Restatement (Second) of Torts § 48, comments a and c (1964). This policy has special significance when abusive behavior occurs in response to lost luggage—a presumably common and troublesome problem for any airline. An award of damages for Ms. Glason's humiliation, therefore, is proper, and is made in the amount of $300. This amount roughly corresponds to the humiliation Ms. Glason suffered. Restatement (Second) of Torts § 903, comment a (1979).

### Damages for the Necessary Replacement of the Items Lost in the Luggage

■ Damages for Prinair's negligent detention of Ms. Glason's luggage may be measured by:

(a) the value of the use during the period of detention or prevention or the value of the use of or the amount paid for a substitute, and

(b) harm to the subject matter or other harm of which the detention is the legal cause.

Restatement (Second) of Torts § 931 (1977). This is so when personal property is detained because of negligence, but the property is returned. Id. comment a. See Meakin v. Dreier, 209 So.2d 252 (Fla. Dist. Ct. App. 1968).

■ Damage for the value of the use of the missing clothes is the better measure here. Ms. Glason purchased replacement clothes during the summer months in Los Angeles and Philadelphia, and there is no evidence that they are inappropriate to Ms. Glason's lifestyle in St. Thomas. To the contrary, she acquired permanent replacements for her temporary loss. The total cost of substitution, therefore, may not be awarded because the value of the returned items must be deducted to prevent a windfall recovery. See Restatement (Second) of Torts § 920, comment f (1977).

■ While there is no direct evidence of the value for the temporary loss of her clothes, several factors indicate a high value to Ms. Glason for the period they were missing.[3] Ms. Glason took a lot of time to purchase special clothing for this trip well in advance of her departure. Without her luggage, the first two days of her trip

---

[3] There also is no evidence of any harm occurring to Ms. Glason's detained luggage, and this measure of damages is inapplicable. Restatement (Second) of Torts § 931(b) (1977).

155

were ruined because she was unable to attend the bar conference. To salvage her trip, she spent more than $100 trying to recover her lost luggage. Then, she borrowed funds and the use of credit cards to purchase $1,400 in replacement clothing and spent $40 having her hair washed and set to replace the loss of her hair dryer. This careful planning, extra effort in borrowing the funds, and the expenditure of more than $1,500 are clear evidence that Ms. Glason suffered a substantial loss for the time she was without her clothing. An award therefore properly is entered for Ms. Glason's loss of use of her clothing in the sum of $300 for each of the two days she was deprived of clothing.[4] No award is made for the period after she replaced her clothing, Ms. Glason amply having prevented further loss by purchasing new clothing. Ms. Glason also is entitled to damages for the temporary loss of her hair dryer and the $40 expense she incurred as a result of that loss. Recovery also is allowed for incidental expenses resulting from Ms. Glason's attempts to locate and replace her lost luggage ($100 for telephone calls and taxis).[5]

### Punitive Damages

No punitive damages can be awarded against Prinair because such an award must be based on the conduct of its employees.

Punitive damages can properly be awarded against a master or other principal because of an act by an agent if, but only if,

(a) the principal or a managerial agent authorized the doing and the manner of the act, or

(b) the agent was unfit and the principal or managerial agent was reckless in employing or retaining him, or

(c) the agent was employed in a managerial capacity and was acting in the scope of employment, or

(d) the principal or a managerial agent of the principal ratified or approved the act.

---

[4] In making this award, the court is aware that carriers are permitted to limit their liability for loss of luggage in their tariffs by federal law. 49 U.S.C. § 1516 (1970), 14 C.F.R. § 221.176 (1979). See Eastern Airlines v. Williamson, 211 So.2d 912 (Ala. 1968), but see Klicker v. Northwest Airlines, Inc., 563 F.2d 1310 (9th Cir. 1977). No limiting tariff is in evidence, however, as Prinair never responded to the complaint.

[5] Damages for these items were initially awarded at the hearing on damages and in the court's written findings of April 24, 1980.

Restatement (Second) of Torts § 909 (1979), Restatement of Agency § 258 (1958).[6] This rule clearly applies to corporations. See Shackelford v. Puerto Rican International Airlines, Inc., 16 V.I. 342 (D.V.I., Div. of St. T. & St. J., June 25, 1979). None of these circumstances have been alleged or were proved by the plaintiff. Only subsection (c) of this rule is arguably met on the facts adduced at the evidentiary hearing. In the Virgin Islands, this subsection requires a showing of some deliberate corporate participation in the wrongful act. Shackelford, supra, at 347. Prinair's gross negligence clearly cannot support such a finding.[7]

### Conclusion

In awarding damages to Ms. Glason only for the loss of use of her clothes, the incidental costs in attempting to retrieve them, and the abusive treatment she suffered, the court does not doubt that she truly suffered emotional distress because of the loss of her luggage. The fact that she cut short her long-planned vacation is ample proof of this conclusion. The court's inability to award damages for this injury merely reflects the state of the law as reflected by the common law and the Restatements of the Law.

Judgment accordingly will be entered for Ms. Glason in the sum of $1,040: $300 to compensate Ms. Glason for emotional distress resulting from Prinair's abusive conduct; $600 for the loss of use of Ms. Glason's clothing for two days, $40 for the loss of her hair dryer, and $100 in incidental damages resulting from Ms. Glason's necessary efforts to locate and replace her lost luggage, plus costs and attorney's fees upon submission of an appropriate affidavit.

### JUDGMENT

A memorandum opinion was entered this day based on written findings of fact and conclusions of law entered on April 24, 1980. These findings were made following an *ex parte* hearing on damages held on April 16, 1980 pursuant to an entry of default against

---

[6] Punitive damages cannot be considered based on Ms. Glason's claim that the grossly negligent loss of her luggage caused her emotional distress because, as explained, supra, this is not a valid cause of action. Restatement (Second) of Torts § 908 comment b (1977).

[7] An award of $2,000 in punitive damages was initially made based on Prinair's gross negligence at the hearing on damages and the court's written findings of April 24, 1980. This award was not entered, however, and must be withdrawn as a result of the conclusions in this opinion. Fed. R. Civ. P. 54(b) and 58, 5 V.I.C. App. I, R. 54(b) and 58 (1966), made applicable to this court by 5 V.I.C. App. IV, R. 7 (1966), and Id. R. 49.

the defendant because it failed to respond to the complaint. Wherefore, it is

ORDERED, ADJUDGED, and DECREED that Joyce Glason, plaintiff, shall recover from defendant Puerto Rico International Airlines $1,040 as follows: $300 compensation for emotional distress; $600 for the loss of use of plaintiff's clothing; $40 for the cost of replacing the lost use of plaintiff's hair dryer, and $100 in incidental damages resulting from plaintiff's efforts to recover her lost luggage, and it is further

ORDERED that costs and attorney's fee may be awarded upon submission of an appropriate affidavit by counsel.