Robert L. BRUMMERSTEDT, Plaintiff,

v.

AMERICAN AIRLINES, INC., a corporation, a subsidiary of AMR Corporation, Defendant.

No. 91 C 8382.

United States District Court, N.D. Illinois, E.D.

May 4, 1993.

---

John C. Ambrose, Ambrose & Cushing, P.C., Chicago, IL, for plaintiff.

Robert E. Haley, Adam J. Glazer, Wildman, Harrold, Allen & Dixon, Joseph Paul Kincaid, Swanson, Martin & Bell, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

In August, 1991, an American Airlines baggage truck backed into plaintiff Robert Brummerstedt ("Brummerstedt") at O'Hare Airport. In his Amended Complaint, Brum- merstedt charges defendant American Airlines, Inc. ("American") with negligence (Count I) and willful and wanton conduct (Count II) and seeks punitive damages in connection with Count II. Presently before us is American's motion to dismiss Count II of the Amended Complaint.

American first argues that Brummerstedt's allegations do not describe willful and wanton misconduct, a prerequisite to punitive damages. Under Illinois law, willful and wanton conduct is "a course of action which shows actual or deliberate intention to harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." *Burke v. 12 Rothschild's Liquor Mart,* 148 Ill.2d 429, 443, 593 N.E.2d 522, 528, 170 Ill.Dec. 633, 639 (1992). Furthermore, "[w]hether a defendant's acts amounted to willful and wanton conduct is a question to be resolved by the finder of fact, based upon the particular circumstances of each individual case." *Downing v. United Auto Racing Association,* 211 Ill.App.3d 877, 156 Ill.Dec. 352, 570 N.E.2d 828 (1st Dist.1991), *citing Lynch v. Board of Education,* 82 Ill.2d 415, 412 N.E.2d 447, 45 Ill.Dec. 96 (1980).

Here, Brummerstedt alleges that an American employee, knowing that Brummerstedt was behind her vehicle in a confined space, drove her baggage truck in reverse without sounding a warning, hit Brummerstedt, pinning him against another vehicle, and continued to back up the truck even after witnesses pounded on the truck and screamed for her to stop. These allegations, which describe reckless disregard for, if not an intent to jeopardize, Brummerstedt's safety, certainly suffice to allege willful and wanton conduct.

American contends, however, that regardless of whether the allegations amount to wilful and wanton conduct, Count II still fails, because it lacks elements necessary to sustain a punitive damages claim against a corporation. Under Illinois' "complicity rule," an employer can only be held vicariously liable for punitive damages if the employer "ordered, participated in, or ratified the 'outrageous misconduct' of the employee." *Pendowski v. Patent Scaffolding Co.,* 89 Ill.App.3d 484, 411 N.E.2d 910, 913, 44 Ill. Dec. 544, 547 (1st Dist.1980). This rule, adopted by the vast majority of Illinois courts in reliance on the Illinois Supreme

Court decision in *Mattyasovszky v. West Towns Bus Co.*, 61 Ill.2d 31, 330 N.E.2d 509 (1975),[1] derives from the notion that "the punitive and admonitory justifications for the imposition of punitive damages are sharply diminished in those cases in which liability is imposed vicariously," and in which the wrongdoing employee is not a party to the action. *Id.* at 512. Instead, punitive damages will be awarded against a corporate defendant only if (1) it authorized, ratified, or approved the act, (2) the employee was unfit and the corporation recklessly hired him, or (3) the employee was a manager acting within the scope of employment. *See Restatement (Second) of Agency*, § 217C, relied on in *Mattyasovszky*, 330 N.E.2d at 512. Where the employer itself has committed no intentional wrong, then, Illinois courts will not impose the harsh sanction of punitive damages.[2]

In the case at hand, Brummerstedt fails to allege the sort of deliberate action by American which would bring it within the complicity rule. Without any indication that American directed, or otherwise actively participated in or condoned, the alleged misconduct, or that the employee was a manager acting within the scope of employment, punitive damages are unavailable against the corporation, and we therefore dismiss Count II. It is so ordered.

---

1. *See, e.g., Tolle v. Interstate Systems Truck Lines, Inc.*, 42 Ill.App.3d 771, 1 Ill.Dec. 437, 356 N.E.2d 625 (5th Dist.1976) (in refusing to impose punitive damages on the employer of a truck driver who lost control of his truck, injuring plaintiff, the court held that "[e]ither as a basis for punishment or for deterrence of wrongdoers, some deliberate corporate participation should be shown before [punitive damages are] applied."); *Oakview New Lenox School Dist. No. 122 v. Ford Motor Co.*, 61 Ill.App.3d 194, 378 N.E.2d 544, 19 Ill.Dec. 43 (3d Dist.1978) ("trial court erred in submitting the wilful and wanton count to the jury in the absence of any evidence of deliberate corporate participation in the wrongful act"); *Kemner v. Monsanto Co.*, 217 Ill.App.3d 188, 576 N.E.2d 1146, 160 Ill.Dec. 192, 203 (5th Dist.1991) ("The corporate complicity rule is, therefore, the current state of the law in Illinois."); *Abshire v. Stoller*, 235 Ill.App.3d 849, 601 N.E.2d 1257, 176 Ill.Dec. 559, 563 (1st Dist.1992) ("Since the Illinois Supreme Court's ruling in *Mattyasovszky* (citation omitted), Illinois courts have limited the imposition of punitive damages on a corporation for the acts of its agents to the specific circumstances set forth in the Restatement (Second) of Agency § 217C.").

2. Although Brummerstedt argues that an employer can be held vicariously liable for punitive damages under Illinois law, there can be no doubt that the complicity rule is the law in Illinois. *See Douglass v. Hustler Magazine, Inc.*, 769 F.2d 1128, 1145 (7th Cir.1985) (With some distaste, Judge Posner held that "the question (of whether an employer can be held vicariously liable for punitive damages) is no longer an open one for a federal court in a diversity case governed by Illinois law.").